IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommaso Melchiori, | No. CV-26-01446-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Kristi Noem, et al., | |
| Defendants. | |

Before the Court is Plaintiff Tommaso Melchiori's Emergency Motion [for] Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a) and 65(b). (Doc. 14). The Court now rules as follows.

## I.    Complaint

Plaintiff was entered the United States "pursuant to the Visa Waiver Program (ESTA) on October 27, 2024" and "remained in the [United States] after his authorized stay expired." (Doc. 11 at 11, ¶ 31). He has resided in the United States since that time. (*Id.*). Plaintiff married a United States citizen in June 2025, and afterwards, he and his spouse filed a I-130 Petition for Alien Relative and I-485 Application to Adjust Status. (*Id.* at 11–12, ¶¶ 33–34). The Petition and Application were denied after Plaintiff failed to appear at the interview. (*Id.* at 12, ¶ 35). After several rescheduling attempts, Plaintiff and his spouse filed a new Petition and Application, and received a notice to appear on May 28, 2026 at 9:00 a.m. for a mandatory biometrics appointment. (*Id.* at 13, ¶¶ 40–41).

Plaintiff alleges that "Defendants have now adopted a new practice of using mandatory USCIS appearances, including biometrics appointments, as coordinated enforcement opportunities" and he fears that he "may be arrested by ICE when he appears for his scheduled appointment." (*Id.* at 13–14).

On March 2, 2026, Plaintiff initiated this action. (Doc. 1). Plaintiff filed an Amended Complaint on May 20, 2026, bringing claims against Defendants Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), Joseph B. Edlow, the Director of United States Citizenship and Immigration Services ("USCIS"), and Connie Nolan, the Associate Director for the USCIS Service Center Operations Directorate. (Doc. 11 at 2). Plaintiff brings three claims under the Administrative Procedure Act ("APA"), one claim based on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and one Due Process claim. (*Id.* at 21–42). Plaintiff states that "he seeks narrowly tailored, interim relief to prevent preemptive arrest at a mandatory USCIS appointment so that he may pursue the INA's adjustment process." (*Id.* at 4).

## II.    Motion for Temporary Restraining Order

On May 22, 2026, Plaintiff filed the instant Emergency Motion requesting a Temporary Restraining Order asking the Court to enjoin Defendants from "arresting, detaining, or initiating removal proceedings against Plaintiff at his scheduled biometrics appointment or any related USCIS proceeding" and to set a hearing on Plaintiff's Motion for Preliminary Injunction. (Doc. 14 at 4).

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue a preliminary injunction or TRO where the party seeking the relief establishes that: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).[1]

---

[1]    The standard for granting a temporary restraining order is the same as the standard for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A TRO enjoining an adverse party without notice may issue only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff provided a certification that he has given notice of the emergency motion to Defendants. (Doc. 14-3).

Plaintiff has not provided specific facts showing immediate and irreparable injury will result before Defendants can be heard in opposition. Plaintiff states that he will suffer "severe and irreparable harm *if* arrested at his mandatory USCIS biometrics appointment." (Doc. 14 at 23) (emphasis added). However, the Plaintiff does not show that he is likely to be arrested. Plaintiff states that "Defendants have newly adopted a practice of arresting noncitizens at USCIS-controlled proceedings, including mandatory appointments, transforming compliance into an enforcement trap." (*Id.* at 7). In support of this contention, Plaintiff provides affidavits from immigration law practitioners, some of which describe Immigrations and Customs Enforcement ("ICE") arrests taking place at USCIS facilities. (Doc. 14-1 at 6–30). Plaintiff also provides news articles from October, November, and December 2025 about ICE arrests at USCIS offices. (*Id.* at 31–103). These facts do not "clearly show" that Plaintiff will be arrested at his biometrics appointment. *See* Fed. R. Civ. P. 65(b)(1)(A).[2] *See also Castro v. Noem*, No. 3:25-cv-03808-CAB-KSC, 2026 WL 25847 (C.D. Cal. Jan. 5, 2026) (denying a Motion for TRO to enjoin Plaintiffs from being detained at their USCIS interviews after determining that Plaintiffs "did not cite to any actual policies, practices, or individualized communications

---

[2]    Plaintiff's Amended Complaint refers to a "similar" case he filed in this District, *Melchiori v. Noem*, No. CV-26-00497-PHX-SHD, which he argues "misapprehends the relief sought here by conflating a pre-arrest injunction preserving adjudication with a challenge to the commencement of removal proceedings." (Doc. 11 at 5). Without making any determination on this issue, the Court also notes issues with likelihood of success on the merits due to potential *res judicata* issues.

3

demonstrating that *Plaintiffs* are likely to be illegally detained at their upcoming interviews") (emphasis in original).

Because specific facts do not clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, the Court will deny Plaintiff's request for Temporary Restraining Order. (Doc. 14). *See* Fed. R. Civ. P. 65(b)(1)(A).

Accordingly,

**IT IS ORDERED:**

1. **TRO**: That Plaintiff's Emergency Motion [for] Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction (Doc. 14) is denied to the extent it seeks a TRO.

2. **Notice to Defendant**: That, no later than **May 28, 2026**, Plaintiff must provide Defendants with a copy of the following: (1) the Motion for Temporary Restraining Order and Preliminary Injunction; and (2) this Order.

3. **Hearing:** That a Preliminary Injunction Hearing is set for **June 16, 2026 at 10:00 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

4. **Briefing**: That Defendants shall have until **June 3, 2026** to file a Response to Plaintiff's Motion for Preliminary Injunction; Plaintiff shall have until the end of the day on **June 8, 2026,** to file a Reply in support of his Motion.

5. **Joint Notice**: That the parties shall file a Joint Notice by **June 9, 2026**, indicating whether the motion may be decided on the briefing and argument of counsel alone.

6. **Proposed Injunction**: That Plaintiff shall submit a proposed form of preliminary injunction no later than **June 10, 2026**.

7. **Warning**: That if Defendants do not respond to the Motion for a Preliminary

4

Injunction or fail to appear at the above-scheduled hearing, the Court will deem such failure as consent to granting the motion. *See* LRCiv 7.2(i).

Dated this 27th day of May, 2026.

Honorable Steven P. Logan
United States District Judge