IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommaso Melchiori,       ) | No.  CV-26-01446-PHX-SPL |
|       ) | |
|     Plaintiff,    ) | **ORDER** |
| vs.       ) | |
|       ) | |
| Kristi Noem, et al.,      ) | |
|       ) | |
|     Defendants.   ) | |
|       ) | |

Before the Court is Plaintiff Tommaso Melchiori's Emergency Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Doc. 14) and Defendants Kristi Noem, Joseph B. Edlow, Carrie M. Selby, and Connie Nolan's Response (Doc. 17). The deadline for Plaintiff to file a Reply was June 8, 2026. (Doc. 15). That deadline has since passed, and Plaintiff did not file a Reply. For the following reasons, Plaintiff's request for Preliminary Injunction will be denied and this action will be dismissed.

## I. BACKGROUND

Plaintiff entered the United States "pursuant to the Visa Waiver Program (ESTA) on October 27, 2024" and "remained in the [United States] after his authorized stay expired." (Doc. 11 at 11, ¶ 31). He has resided in the United States since that time. (*Id.*). Plaintiff married a United States citizen in June 2025, and afterwards, he and his spouse filed a I-130 Petition for Alien Relative and I-485 Application to Adjust Status. (*Id.* at 11–12, ¶¶ 33–34). The Petition and Application were denied after Plaintiff failed to appear at

the interview. (*Id.* at 12, ¶ 35). After several rescheduling attempts, Plaintiff and his spouse filed a new Petition and Application, and received a notice to appear on May 28, 2026 at 9:00 a.m. for a mandatory biometrics appointment. (*Id.* at 13, ¶¶ 40–41). Plaintiff alleges that "Defendants have now adopted a new practice of using mandatory USCIS appearances, including biometrics appointments, as coordinated enforcement opportunities" and he fears that he "may be arrested by ICE when he appears for his scheduled appointment." (*Id.* at 13–14).

On March 2, 2026, Plaintiff initiated this action. (Doc. 1). Plaintiff filed an Amended Complaint on May 20, 2026, bringing claims against Defendants Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), Joseph B. Edlow, the Director of United States Citizenship and Immigration Services ("USCIS"), and Connie Nolan, the Associate Director for the USCIS Service Center Operations Directorate. (Doc. 11 at 2). Plaintiff brings three claims under the Administrative Procedure Act ("APA"), one claim based on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and one Due Process claim. (*Id.* at 21–42). Plaintiff states that "he seeks narrowly tailored, interim relief to prevent preemptive arrest at a mandatory USCIS appointment so that he may pursue the INA's adjustment process." (*Id.* at 4).

On May 22, 2026, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction (Doc. 14). The Court denied the Motion to the extent it sought a Temporary Restraining Order and set a briefing schedule for the Motion for Preliminary Injunction. (Doc. 15). The Court also set a Preliminary Injunction hearing for June 16, 2026. (*Id.*). Now, the Motion is fully briefed, and the Court finds that oral argument will not assist in the resolution of the issues. Therefore, the Court will issue a decision on the request for Preliminary Injunction in this Order and vacate the hearing set for June 16, 2026. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## II.   LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should

not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation omitted). A party seeking injunctive relief under Rule 65 of the FRCP must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit observes a "sliding scale" approach that balances these elements "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. Still, "[l]ikelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors in the absence of serious questions going to the merits." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal citations and quotation marks omitted).

### III.    DISCUSSION

Defendants argue that the Court lacks jurisdiction to grant the requested relief, Plaintiff's claim is unlikely to succeed in the merits because it is barred by issue preclusion, Plaintiff cannot establish irreparable harm, and the equities and public interest do not favor an injunction. (Doc. 17 at 4–9). Plaintiff did not file a Reply addressing these arguments. "Failure to respond to the merits of one party's argument constitutes a concession of that argument." *Panaccione v. Aldonex Inc.*, No. CV-19-04483-PHX-DLR, 2021 WL 268781, at *3 (D. Ariz. Jan. 27, 2021) (citing *M.S. v. Cty of Ventura*, No. CV 16-03084-BRO (RAOx), 2017 WL 10434015, at *24 n. 20 (C.D. Cal. Mar. 7, 2017) and *Mendoza v. City of Peoria*, No. CV-13-00258-PHX-DJH, 2015 WL 13239816, at *4 (D. Ariz. July 31, 2015)). Nevertheless, the Court will address the merits of Defendants' arguments.

Defendants' arguments as to jurisdiction and issue preclusion are related to a case

Plaintiff previously filed in this District that has since been dismissed. Indeed, in the Amended Complaint, Plaintiff asserts "[t]he District of Arizona's contrary order dismissing a similar complaint—*Melchiori v. Noem*, No. CV-26-00497-PHX-SHD (D. Ariz. Feb. 9, 2026)—misapprehends the relief sought here by conflating pre-arrest injunction preserving adjudication with a challenge to the commencement of removal proceedings; Plaintiff's claim is distinct from any such challenge." (Doc. 11 at 5). In that case, Plaintiff also brought three claims under the Administrative Procedure Act ("APA"), one claim based on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and one Due Process claim against Defendants Kristi Noem, Jospeh B. Edlow, and Connie Nolan. *Melchiori*, 2:26-cv-00497-SHD (Doc. 1). On the same day that he filed the Complaint in that case, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") seeking an order to prevent Defendant from "arresting, detaining, or initiating removal proceedings against Plaintiff at his scheduled I-485 interview, or at any other related USCIS proceeding, thereby allowing Plaintiff to attend his interview safely." *Id.* (Doc. 2). The court initially denied the TRO and ordered additional briefing from both parties. *Id.* (Doc. 9). Ultimately, the court summarily dismissed the Complaint finding that "under the REAL ID Act, the Court lacks jurisdiction over such a challenge because the request to enjoin an arrest 'arise[s] from' an 'action' or a 'proceeding' brought in connection with petitioner's removal (8 U.S.C. § 1252(b)(9)), or from 'the decision or action' to 'commence proceedings' against him (8 U.S.C. § 1252(g))." *Id.* (Doc. 14 at 3) (citations omitted).

Now, Defendants argue once again that the Court lacks jurisdiction under 8 U.S.C. § 1252(g). (Doc. 17 at 4). That statute provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In this action, Plaintiff seeks an ordering enjoining "Defendants, including ICE and USCIS officers acting under their discretion, from arresting, detaining, removing, or otherwise taking Plaintiff into custody in connection with his scheduled adjustment of status appointment, or any future interview

4

related to his pending I-485." (Doc. 11 at 43).

In Plaintiff's previous case, the court found that "in seeking to enjoin his arrest Petitioner is squarely attacking the commencement of proceedings." *Melchiori*, 2:26-cv-00497-SHD (Doc. 14 at 3). This Court agrees that the complaint asks the Court to prevent Defendants from commencing removal proceedings. *See* 8 U.S.C. § 1252(g). Therefore, this Court lacks jurisdiction over Plaintiff's claims. *See Lopez v. Jaddou*, --F. Supp. 3d--, No. CV-25-00285-PHX-DWL (ASB), 2026 WL 922303, at *3 (D. Ariz. Mar. 26, 2026) ("[T]he Court lacks jurisdiction to review the Attorney General's decision to execute Plaintiff's removal order.") (citing *Rauda v. Jennings*, 55 F.4th 773, 776–78 (9th Cir. 2022); *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) ("Section 1252(g) . . . applies 'without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings.'") (citation omitted). Whether or not there is issue preclusion and despite the merits of Plaintiff's Motion for Preliminary Injunction, the Court still lacks subject matter jurisdiction over this action. Therefore, this case will be summarily dismissed and all pending Motions will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 11) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (Doc. 14) **is denied** to the extent Plaintiff seeks a preliminary injunction.

**IT IS FURTHER ORDERED** that the Preliminary Injunction hearing set for June 16, 2026 is **vacated**.

**IT IS FURTHER ORDERED** that all other pending Motions are **denied as moot**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment and **terminate** this action accordingly.

Dated this 11th day of June, 2026.

Honorable Steven P. Logan
United States District Judge